37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ed WAGNER, Jr., Plaintiff-Appellant,
v.
Elaine JETT, Food Services Administrator, Defendant-Appellee.
 No. 94-5522.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 1
 Before: RYAN and SILER, Circuit Judges; and DOWD, District Judge.*
 
 ORDER
 
 2
 Ed Wagner, a pro se Kentucky prisoner, appeals a district court order granting summary judgment in favor of the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant of Rule 9(b)(3), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wagner filed this action alleging a violation of the American With Disabilities Act (ADA) with respect to the delivery of food service in the Convalescent Care Unit (CCU) at the Kentucky State Reformatory (KSR). Wagner sought injunctive and monetary relief against the defendant, a former Food Service Administrator, in his individual and official capacities. Wagner claimed that the differences in the delivery of food in the CCU constitutes discrimination against him as a handicapped person in violation of the Americans With Disabilities Act, 42 U.S.C. Secs. 12101-12213. The district court granted defendant's motion for summary judgment on March 23, 1994. This appeal followed.
 
 
 4
 Upon review, we affirm the district court's judgment because "there is no genuine issue as to any material fact and ... the [defendant] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 The ADA's purpose is described as providing a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. Sec. 12101. The responses to interrogatories prepared by Deputy Warden Jim Stephens and defendant reveal that inmates are provided the same food as that provided in the main dining room as KSR. The food is delivered separately as it is a satellite dining room. The food is inspected on a regular basis, and security staff is trained in the delivery of food services to assure conformity with the main dining room. All implements are washed with soap and water and sanitized in accordance with health regulations. The recent institution inspection records submitted by the defendant demonstrate conclusively that food is delivered consistent with health regulations and at the proper temperature.
 
 
 6
 The responses to interrogatories also demonstrate that the differences in the service of food in the CCU is not the result of any discrimination against Wagner as a handicapped person; rather, it is a reflection of operational needs as a result of the location of the CCU and its close proximity to the disciplinary segregation unit in the same wing. In addition, the delivery of the meals without self-service is a response to the physical limitations of various degrees of inmates confined in the CCU who are incapable of helping themselves in a self-service manner.
 
 
 7
 The courts must accord prison administrators wide-ranging deference in matters concerning the adoption and execution of policy and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Cf. Bell v. Wolfish, 441 U.S. 520, 547 (1979); see also Skelton v. Pri-Cor, Inc., 963 F.2d 100, 103-04 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 1682 (1992). The differences in food service in the CCU and the main dining room are merely operational and reflect the design of the facilities and location of the dining room as well as the disabilities of the inmates confined there.
 
 
 8
 Unless the ADA is interpreted as controlling the design and operation of prisons to the exclusion of existing security concerns, Wagner has not shown any facts sufficient to withstand defendant's motion for summary judgment. Absent such a broad interpretation, Wagner does not state a violation of the ADA. Wagner has not been denied any program or service solely because of his disability. He is served the same food as the main menu in the main dining room. The food is served and delivered in a slightly different manner to accommodate the various disabilities of the CCU inmates as well as legitimate penological interests such as security concerns. Prison authorities are entitled to adopt and execute policies and practices that in their judgment are needed to preserve institutional security, even if it requires treating disabled inmates somewhat differently. In the instant case, prison officials have done so, without treating disabled inmates unequally under the law.
 
 
 9
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. DIstrict Judge for the Northern District of Ohio, sitting by designation